1  MICHAEL L. TURRILL (SBN 185263)
2  PAUL A. RIGALI (SBN 262948)
   **ARENT FOX LLP**
3  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
   Telephone:  213.629.7400
4  Facsimile:   213.629.7401
   Email:  michael.turrill@arentfox.com
5          paul.rigali@arentfox.com

6  MICHAEL B. HAZZARD (*Admitted Pro Hac Vice*)
   ADAM BOWSER (*Admitted Pro Hac Vice*)
7  **ARENT FOX LLP**
   1717 K Street NW
8  Washington, DC  20006-5344
   Telephone:  202.857.6000
9  Facsimile:   202.857.6395
   Email:  michael.hazzard@arentfox.com
10          adam.bowser@arentfox.com

11 Attorneys for Defendant
   CALLFIRE, INC.
12

13              UNITED STATES DISTRICT COURT

14             SOUTHERN DISTRICT OF CALIFORNIA

15

16 DAVID KAUFFMAN, on behalf of        Case No.  14- CV-1333-H-DHB
   himself, and all others similarly   *Assigned to the Honorable Marilyn L.*
17 situated,                           *Huff*

18            Plaintiff,               **MEMORANDUM OF POINTS AND
                                       AUTHORITIES IN SUPPORT OF
19      v.                             MOTION BY DEFENDANT
                                       CALLFIRE, INC. FOR SANCTIONS
20 CALLFIRE, INC. and THE              PURSUANT TO FEDERAL RULE
   SPORTS NETWORK, INC.                OF CIVIL PROCEDURE 11**
21
            Defendants.                [Filed concurrently with Notice of
22                                     Motion and Motion; Declaration of
                                       Adam Bowser; [Proposed] Order
23                                     submitted]

24                                     Date:      July 27, 2015
                                       Time:      10:30 AM
25                                     Judge:     Hon. Marilyn L. Huff
                                       Courtroom: 15A
26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1

# <u>TABLE OF CONTENTS</u>

2

**Page**

3

I.    INTRODUCTION AND SUMMARY OF THE UNDISPUTED

4
FACTS ............................................................................................................. 1

II.   ARGUMENT ................................................................................................. 5

5

A.    The Court Has Authority To Sanction Kauffman And His

6
Counsel For Failing To Perform An Adequate Pre-filing
Investigation ....................................................................................... 5

7

B.    Kauffman And His Attorneys Should Be Sanctioned For
Maintaining Legally Frivolous Claims Against CallFire .................... 9

8

III.  CONCLUSION ............................................................................................. 10

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. 14- CV-1333-H-DHB

i

1

## <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

**FEDERAL CASES**

4

*Blossom v. Blackhawk Datsun, Inc.*,
5
   120 F.R.D. 91 (S.D. Ind. 1988) ................................................................. 9

6

*Cooter & Gell v. Hartmarx Corp.*,
   496 U.S. 384 (1990) ................................................................................ 6

7

*Fobare v. Weiss, Neuren & Neuren*,
8
   Civ. Nos. 99-CV1539, et al., 2000 WL 654969, at *1
9
   (N.D.N.Y. May 16, 2000) ...................................................................... 4

10

*Hale v. Harney*,
   786 F.2d 688 (5th Cir. 1986) .................................................................. 4

11

*Holgate v. Baldwin*,
12
   425 F.3d 671 (9th Cir. 2005) ............................................................... 4, 8

13

*In re Yagman*,
   796 F.2d 1165 (9th Cir. 1986) ................................................................ 6

14

*Luna v. Shac, LLC*,
15
   Civ. No. 14-00607-HRL ................................................................. 2, 3, 8, 9

16

*Rinky Dink, Inc. v. Elec. Merch. Sys.*,
   Civ. No. 13-1347-JCC, 2015 WL 778065, at *1
17
   (W.D. Wash. Feb. 24, 2015) ......................................................... 2, 3, 8, 9

18

*Stewart v. RCA Corp.*,
19
   790 F.2d 624 (7th Cir. 1986) .................................................................. 4

20

*Truesdell v. Southern Cal. Permanente Med. Group*,
   151 F.Supp.2d 1174 (C.D. Cal. 2001) ..................................................... 7

21

*United States v. Stringfellow*,
22
   911 F.2d 225 (9th Cir. 1990) .................................................................. 9

23

*Zaldivar v. City of Los Angeles*,780
24
   F.2d 823 (9th Cir. 1986) ........................................................................ 6

25

*Zuniga v. United Can Co.*,
   812 F.2d 443 (9th Cir. 1987) .................................................................. 6

26

**FEDERAL STATUTES**

27

47 U.S.C. § 227(a)(1) ................................................................................. 8

28

47 U.S.C. § 227(b)(1)(A) ............................................................................ 2

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. 14- CV-1333-H-DHB

ii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RULES

Fed. R. Civ. P.

11(b) ................................................................................................................ 6

11(b)(3) .......................................................................................................... 7

11(c)(2) ........................................................................................................... 6

11(c)(4) ........................................................................................................... 6

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. 14- CV-1333-H-DHB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND SUMMARY OF THE UNDISPUTED FACTS

As CallFire previously established, this case arises from both Kauffman and his attorney, Daniel Shay, both calling a sports gambling hotline at the telephone number 1-800-305-0204 (the "0204 number").[1]  Dkt. No.5.1 at 1-3; *see also* Am. Compl. ¶ 22.  After calling the 0204 number, both Kauffman and Mr. Shay alleged to have received text messages from The Sports Network.  Dkt. No.5.1 at 2; *see also* Am. Compl. ¶ 21 (Dkt. No. 10).  CallFire filed a motion to dismiss in which it established its status as a common carrier that simply transmits messages initiated by its subscribers, and Mr. Shay voluntarily (and prudently) dismissed his complaint as to CallFire.

This unfortunately was not the case with Kauffman's complaint.  Although CallFire was successful in obtaining a dismissal, without prejudice, of Kauffman's original complaint (filed against CallFire only), *see* Order Granting Motion to Dismiss with Leave to Amend (Dkt. No.9), the Court declined to dismiss Kauffman's Amended Complaint that also added The Sports Network, Inc. ("Sports Network") as an additional defendant.[2]  Order (Dkt. No.23).  Since that time, however, Plaintiff has failed to prosecute his claims against The Sports Network, the only party that could potentially be liable.

Again, "**Defendant CallFire is a common carrier, and therefore not subject to liability for alleged violations of the Telephone Consumer Protection**

---

[1]      Memorandum of Points and Authorities in Support of Defendant CallFire, Inc.'s Motion to Dismiss Complaint for Damages and Injunctive Relief (ECF No. 5.1) (citing *Shay v. CallFire, Inc.*, Complaint for Damages, CIV No. 3:14-01257-L-WVG (S.D. Cal. May 20, 2014) ("Shay Complaint")).

[2]      *See also* Memorandum of Points and Authorities in Support of Defendant CallFire, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint for Damages and Injunctive Relief at 7-10 (Dkt. No. 13-1) (detailing how Kauffman lodged substantively identical allegations against CallFire but otherwise made "Defendant" plural in his Amended Complaint to obfuscate each defendants' responsibility for the conduct alleged).

1  **Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)**." *Rinky Dink, Inc. v. Elec. Merch. Sys.*,

2  Civ. No. 13-1347-JCC, 2015 WL 778065, at *1 (W.D. Wash. Feb. 24, 2015)

3  (emphasis added) (further holding that CallFire does not "initiate" its customers'

4  messages for CallFire to be liable on this independent ground, *id.* at *8).  As a

5  result of this dispositive decision confirming that CallFire cannot be liable under

6  the TCPA for its customers' telephone calls, a separate plaintiff in an

7  indistinguishable TCPA case brought against CallFire recently agreed to dismiss

8  CallFire with prejudice, without any payment by CallFire or any admission of

9  liability.[3]

10      Here, Kauffman has already conceded that "**Plaintiff's case is no different**

11  **than *Couser*, *Rinky Dink* and *Luna***."[4]  Plaintiff's Memorandum of Points and

12  Authorities in Opposition to Defendant CallFire, Inc.'s Motion to Dismiss at 1

13  (Dkt. No. 16) (emphasis added).[5]  CallFire agrees.  Plaintiff's continued litigation

14  of this case against CallFire is frivolous and a waste of the Court's and CallFire's

15  resources.

16

17

18  [3]    *See Luna v. Shac, LLC*, Civ. No. 14-00607-HRL, Notice of Offer &

19  Acceptance Pursuant to Federal Rule of Civil Procedure 68 & Request for Entry of
    Judgment (Dkt. No. 82) (March. 17, 2015).

20  [4]    As CallFire established through a sworn declaration in its first filing in this
    case, CallFire has over 100,000 subscribers to its common carrier telephone service.

21  *See* Declaration of Jagannathan Thinakaran in Support of Defendant CallFire, Inc.'s
    Motion to Dismiss Complaint for Damages ¶ 6 (Dkt. No. 5-2).  As Mr. Thinakaran

22  declared under oath, "all CallFire customers that utilize CallFire's common carrier
    services to initiate their own messages provide their own content, select their own

23  list of telephone numbers to be contacted, and select when their messages will be
    initiated." *Id.* ¶ 4.  Because CallFire's service is common to all of its subscribers,

24  including to the subscriber that allegedly initiated the text messages Kauffman
    claims to have received, there are no reasonable grounds for maintaining this suit

25  against CallFire.

26  [5]    Similar to *Luna*, *Couser* was settled without CallFire making any payment to
    resolve the plaintiff's claims and without any admission of liability. Declaration of

27  Adam Bowser in Support of CallFire's Motion for Sanctions Pursuant to Federal

28  Rule of Civil Procedure 11, Ex. A ("Bowser Decl.").

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. 14- CV-1333-H-DHB
2

1    Moreover, after CallFire served Kauffman with discovery requests to flesh

2  out his cookie-cutter TCPA allegations in order to understand the actual *facts*

3  Kauffman asserts entitle him to maintain a TCPA class action against a common

4  carrier immune from liability, CallFire received essentially nothing in response.[6]

5  This necessitated a meet-and-confer conference in which Plaintiff's counsel

6  acknowledged that *one year after filing suit* against CallFire, Plaintiff's counsel

7  were still unaware of how CallFire's web-based service operates and that they

8  *never* investigated how CallFire's subscribers initiate messages through CallFire's

9  web-based platform.[7]  This is despite the fact that this information is publicly

10  available on CallFire's website, and anyone can establish a free test account to

11  investigate the capacity of the system.[8]

12    The predictable result of this refusal to conduct *any* investigation of how

13  CallFire's common carrier telephone service operates was Kauffman's

14  supplemental discovery responses, in which he continued to refuse to provide any

15  facts to support his contentions that CallFire provides its customers an Automatic

16  Telephone Dialing System ("ATDS").[9]  Similarly, when asked to identify the facts

17  supporting his contention that *CallFire* initiated text messages to Plaintiff, Plaintiff

---

[6]   *See* Bowser Decl., Exs. B-D; *see also id.* at Ex. E.

[7]   *Id.* at Ex. F at 3.

[8]   *Id. See also Rinky Dink,* 2015 WL 778065, at *5 ("CallFire markets itself online primarily through its website. Dkt. No. 94, Ex. 1, p. 2. In fact, EMS identified and utilized CallFire's services solely through its online presence."). There is thus no secret as to how CallFire's telephone service operates, as CallFire's service is available for all the world to see on the Internet.

[9]   Bowser Decl., Ex. G (refusing to provide any response or supplemental response to Interrogatory Nos. 2 and 4 that seek the facts supporting Plaintiff's contention that an ATDS was utilized in this case).  Moreover, CallFire voluntarily provided to Plaintiff's attorneys CallFire's 30(b)(6) deposition transcripts and the relevant discovery material from the *Rinky Dink* and *Luna* cases that led the court and the plaintiff, respectively, to dismiss CallFire from these cases.  *Id.* Ex. H; *see also* Ex. E at 12; Ex. F at 3.  It is therefore inexcusable that Plaintiff here has now had two cases worth of discovery against CallFire and can still not set forth any facts supporting his claims.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. 14- CV-1333-H-DHB

3

1  simply pointed CallFire to its own website where CallFire posted case studies about

2  certain of its subscribers' use of an *inbound* 1-800 service or CallFire's *subscribers'*

3  *initiation* of their own text messages through CallFire's common carrier service.[10]

4      Further, CallFire has repeatedly informed Plaintiff's attorneys that CallFire

5  never had the 0204 number in its numbering resource pool and no subscriber ever

6  ported this telephone number into CallFire's service.[11]  Thus, no inbound call was

7  ever made to CallFire's network to this telephone number, making it impossible for

8  Kauffman's "number trapping" allegation against *CallFire* to have any merit.[12]  *See*

9  Am. Compl. ¶ 28.  One year after CallFire was sued, CallFire thus has no better

10 idea why Kauffman believes he is entitled to any relief from CallFire beyond the

11 makeweight TCPA allegations contained in his complaint, given his counsel's

12 admitted refusal to investigate the facts of Plaintiff's *case*.

13      As one court has stated, "[t]he day is past when our notice pleading practice

14 … [and] liberal discovery rules invited the federal practitioner to file suit first and

15 find out later whether he had a case or not."  *Hale v. Harney*, 786 F.2d 688, 692

16 (5th Cir. 1986); *see also Holgate v. Baldwin*, 425 F.3d 671, 675-77 (9th Cir. 2005)

17 (an attorney must conduct an objectively reasonably inquiry into the facts and law

18 to make sure the complaint is well-founded); *Stewart v. RCA Corp.*, 790 F.2d 624,

19 633 (7th Cir. 1986) ("Rule 11 *requires* lawyers to think first and file later, on pain

20 of personal liability."); *Fobare v. Weiss, Neuren & Neuren*, Civ. Nos. 99-CV1539,

21 *et al.*, 2000 WL 654969, at *1 (N.D.N.Y. May 16, 2000) (sanctions appropriate

22 where **attorney engaged in the "cookie-cutter" practice of law**, filing form

23

24

---

25 [10]    Bowser Decl., Ex. G (*See* Supplemental Response to Interrogatory No. 5 in
which Kauffman directs CallFire to non-responsive pages of its own website,
26 KAUFFMAN000283-KAUFFMAN000324, KAUFFMAN000406-
KAUFFMAN000412) (attached as Ex. 1 to Bowser Decl., Ex. G).
27 [11]    *Id.* Ex. F at 4.
28 [12]    *Id.*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. 14- CV-1333-H-DHB

4

complaints without conducting inquiry into their validity as to each case) (emphasis added).

This motion thus presents the Court an opportunity to stem the tide of the frivolous cookie-cutter TCPA lawsuits that are clogging the dockets of the courts nationwide. Plaintiff's counsel admittedly refused – and continue to refuse – to conduct an objectively reasonable investigation into the facts of this case, and they continue to argue positions that have no legal foundation. Accordingly, sanctions are appropriate against both Kauffman and his counsel.

## II.     ARGUMENT

### A.     The Court Has Authority To Sanction Kauffman And His Counsel For Failing To Perform An Adequate Pre-filing Investigation

The Federal Rules of Civil Procedure authorize the Court to sanction attorneys for violating Rule 11:

> ... (b) Representations to the Court: By presenting to the court a pleading, written motion, or other paper— whether by signing, **filing,** submitting, **or later advocating it**—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances:**
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;
>
> ... (c) Sanctions. (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. 14- CV-1333-H-DHB

5

1

party that violated the rule or is responsible for the violation.[13]  (emphasis added)

2

3

Rule 11 places an affirmative duty on attorneys and litigants to make a

4

reasonable investigation of the facts and the law before signing and submitting any

5

pleading, motion, or other paper.  Fed. R. Civ. P. 11(b).  The rule "require[s]

6

litigants to 'stop-and-think' before initially making legal or factual contentions."

7

*Id.* (Advisory Committee Note to 1993 Amendments).  The Supreme Court case

8

requiring such inquiry, *Cooter & Gell v. Hartmarx Corp.* , 496 U.S. 384 (1990),

9

emphasized that Rule 11's primary goal is to deter frivolous litigation.  *Id.* at 393;

10

*see also Zaldivar v. City of Los Angeles*,780 F.2d 823, 829 (9th Cir. 1986) (Rule 11

11

is "intended to be applied by district courts vigorously to curb widely

12

acknowledged abuse from the filing of frivolous pleadings and other papers.").  It is

13

precisely to effect that goal that CallFire seeks the Court's relief.

14

Rule 11 expressly authorizes the imposition of monetary sanctions,

15

composed of an award of reasonable attorneys' fees, to the opposing party for those

16

"fees and other expenses incurred as a direct result of the violation."  Fed. R. Civ.

17

P. 11(c)(4); *see also In re Yagman*, 796 F.2d 1165, 1184 (9th Cir. 1986) ("It is

18

critical ... that the sanctioning Court embrace the overriding purpose of deterrence

19

and mold its sanctions in each case so as to best implement that policy").  Because

20

defendants must undertake a defense, and that necessarily involves significant

21

costs, Rule 11 prohibits imposing those costs upon a defendant absent a basis, well-

22

grounded in fact, for bringing the suit.  Indeed, "[c]ounsel can no longer avoid the

23

sting of Rule 11 sanctions by operating under the guise of a pure heart and an

24

empty head."  *Zuniga v. United Can Co.*, 812 F.2d 443, 452 (9th Cir. 1987).

25

Therefore, "[t]he issue in determining whether to impose sanctions under Rule 11 is

---

26

[13]    Pursuant to Rule 11(c)(2), counsel for CallFire served Plaintiff's counsel
with this Motion on June 4, 2015, thus providing Plaintiff 21 days before filing the

27

present motion to withdraw his claim against CallFire.  *See* Bowser Decl., Ex. 1.  To
date, Plaintiff has not responded to this email or otherwise responded to the issues

28

raised in this motion, which has been the standard practice of Plaintiff's lead
counsel, Ronald Marron.  *Id.*

1   whether a reasonable attorney, having conducted an objectively reasonable inquiry

2   into the facts and law, would have concluded that the offending paper was well-

3   founded." *Truesdell v. Southern Cal. Permanente Med. Group*, 151 F.Supp.2d

4   1174, 1184-85 (C.D. Cal. 2001) (citation omitted) (rev'd on other grounds).

5       Here, Kauffman and his counsel cannot possibly meet this standard.  By

6   Plaintiff's counsel's own admission, they did not investigate how CallFire's web-

7   based common carrier service functions, despite it being provided on a publicly

8   available website on which anyone can establish a free test account to determine the

9   capacity and capabilities of CallFire's service.[14]  CallFire's counsel specifically

10  pointed this out to Plaintiff's counsel to no avail.[15]  Had Plaintiff's counsel spent

11  any time on CallFire's website, they would have determined that CallFire is a

12  passive common-carrier conduit for the messages its subscribers create and initiate

13  themselves to the telephone numbers solely inputted and designated by CallFire's

14  subscribers.  Under these circumstances, failing to investigate *at all* how CallFire's

15  service operates, and CallFire's corresponding intermediate role as a passive

16  transmitter of the messages its subscribers initiate, constitutes an objectively

17  unreasonable failure to conduct an adequate inquiry prior to filing suit against

18  CallFire.  Plaintiff and his counsel should be sanctioned on this ground alone.

19      Further, Rule 11 requires Plaintiffs to specifically state when they do not

20  presently have evidentiary support for an asserted fact but are likely to obtain such

21  support after "further investigation or discovery."  Fed. R. Civ. P. 11(b)(3).  How

22  could Plaintiff and his attorneys possibly allege that the "text messages sent to

23

---

24  [14]    *See, e.g.,* Bowser Decl., Ex. F at 3; *see also* Bowser Decl., Ex. D at Response
        to Request for Production No. 19 (refusing to indicate whether there were any
25      documents responsive to the following request for production: "All non-privileged
        documents that Plaintiff relied on or reviewed in its due diligence before bringing a
26      cause of action under the TCPA against CallFire" on the ground, among other
        boilerplate objections, that this request is "harassing.").

27  [15]    *See, e.g.,* Bowser Decl., Ex. E at 10 (noting that "[t]here is no secret how
        CallFire's service works, as it is offered on a publicly available website, allowing
28      anyone to determine how it operates and what capacity it has.").

Arent Fox LLP
Attorneys At Law
Los Angeles

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. 14- CV-1333-H-DHB
7

Plaintiff's cellular telephone were via an 'automatic telephone dialing system,'
('ATDS') as defined by 47 U.S.C. § 227(a)(1), which had the capacity to produce
or store numbers randomly or sequentially, and to dial such numbers," Am. Compl.
¶ 30, if they never investigated how CallFire's platform operates?  The only answer
is that Plaintiff's attorneys are simply making this up as they go along, as they
certainly did not state they were asserting this allegation on information and belief.
Of course, this allegation is baseless, which is why after receiving two cases worth
of discovery against CallFire, Plaintiff still cannot identify any *facts* supporting his
claim.[16]

Sanctions are further appropriate in cases where a "second counsel
recommend[s] that they request voluntary dismissal of the complaint," as this
"suggests that [the first counsel] did not conduct a reasonable inquiry...." *Holgate*
425 F.3d at 677. Plaintiff's counsel expressly admitted to this very Court that this
case is no different than *Couser*, *Rinky Dink* and *Luna*.  CallFire was dismissed
from all of these cases (voluntarily and without any admission of liability or
payment by CallFire in the *Couser* and *Luna* cases, and on summary judgment in
*Rinky Dink*).  Further, Kauffman's co-counsel Mr. Shay had the good sense to
voluntarily dismiss his own identical case against CallFire.  Four identical
outcomes in four indistinguishable cases demonstrate that Plaintiff's lead counsel,
the Law Offices of Ronald Marron, is acting in bad faith by maintaining this suit
against CallFire.  And again, this is despite Kauffman's counsel previously
acknowledging that Kauffman's case should fare the same as all of these other
cookie-cutter TCPA cases lodged against CallFire, which is "a common carrier …
not subject to liability for alleged violations of the Telephone Consumer Protection
Act." *Rinky Dink*, 2015 WL 778065 at *1.

---

[16]     Bowser Decl., Ex. G (refusing to provide any response or supplemental
response to Interrogatory Nos. 2 and 4 that seek the facts supporting Plaintiff's
contention that an ATDS was utilized in this case).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. 14- CV-1333-H-DHB
8

1    Kauffman and his counsel have thus not remotely complied with Rule 11's

2    requirement to conduct a reasonable inquiry into the facts of this case, and CallFire

3    should be awarded the fees and costs it has incurred in defending itself in this case.

4        **B.    Kauffman And His Attorneys Should Be Sanctioned For**

5            **Maintaining Legally Frivolous Claims Against CallFire**

6        Sanctions may be awarded under Rule 11 where an attorney reaffirms or

7    argues positions contained in earlier-filed papers after learning such positions are

8    without evidentiary support or legal merit.  Indeed, "Rule 11 not only obligates an

9    attorney to conduct a reasonable pre-filing investigation, but also to 'review,

10   examine, and re-evaluate his position as the facts of the case come to light.'"

11   *Blossom v. Blackhawk Datsun, Inc.*, 120 F.R.D. 91, 99-100 (S.D. Ind. 1988)

12   (citation omitted).  Further, sanctions are appropriate where a plaintiff "omit[s] case

13   law and statutory provisions [that] would render the attorney's argument frivolous,

14   [as] he or she 'should not be able to proceed with impunity in real or feigned

15   ignorance of [them],' and sanctions should be upheld."  *United States v.

16   Stringfellow*, 911 F.2d 225, 226 (9th Cir. 1990) (citation omitted).

17       Despite *Rinky Dink*'s holding that CallFire is a common carrier immune from

18   TCPA liability, and despite Kauffman's earlier admission that his "case is no

19   different than *Couser*, *Rinky Dink* and *Luna*," Kauffman and his counsel continue to

20   assert positions that have no factual or legal support.  Indeed, months after the

21   *Rinky Dink* decision was issued and weeks after the plaintiff in *Luna* agreed to

22   voluntarily dismiss CallFire with prejudice, Kauffman argued to the Court

23   "Defendant will argue that it is a 'common carrier' and not subject to the TCPA.

24   However, this is simply not true."[17]  Plaintiff's counsel's submissions to the Court

25   would not pass Wikipedia's standards, let alone the requirements of Rule 11.

26

27

28

[17]    Bowser Decl., Ex. J at 12.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. 14- CV-1333-H-DHB

9

1  |  Here, Kauffman's attorneys have admittedly failed to conduct an adequate
2  |  pre-filing investigation.  However, it is now indefensible for Kauffman to **maintain**
3  |  his claims against CallFire after all of his legal and "factual" bases for bringing the
4  |  suit have proven frivolous.  For these reasons, CallFire respectfully requests
5  |  sanctions in the amount of its attorneys' fees incurred as a result of Kauffman's and
6  |  his attorneys' misconduct, in addition to any sanctions that the Court deems proper
7  |  to deter future misconduct by the TCPA plaintiffs' bar.

8  |  **III.    CONCLUSION**

9  |  For all of the reasons discussed above, Kauffman and his counsel have filed
10 |  claims that utterly lack a factual basis and there are no facts under which CallFire
11 |  could potentially be liable to Plaintiff here, as it is a common carrier immune from
12 |  TCPA liability.  Kauffman and his counsel have been aware of the deficiencies in
13 |  his Amended Complaint for months, but have refused to dismiss his claims,
14 |  necessitating CallFire to incur the costs of defense and its Motion for Summary
15 |  Judgment.  Accordingly, CallFire respectfully requests the Court to dismiss all of
16 |  Kauffman's claims against CallFire with prejudice and jointly sanction Kauffman
17 |  and his counsel in the amount of the attorneys' fees incurred as a result of
18 |  Kauffman's and his attorneys' misconduct.

Dated:  June 25, 2015                    **ARENT FOX LLP**

By: */s/ Michael L. Turrill*
MICHAEL L. TURRILL
PAUL A. RIGALI

MICHAEL B. HAZZARD
(*Admitted Pro Hac Vice*)
ADAM D. BOWSER
(*Admitted Pro Hac Vice*)

Attorneys for Defendant
CALLFIRE, INC.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. 14- CV-1333-H-DHB
10

1
2

### *KAUFFMAN V. CALLFIRE, INC.*
**USDC, Southern District Of California Case No. 3:14-cv-01333-H-DHB**

3

### CERTIFICATE OF SERVICE

4
5

I am a citizen of the United States. My business address is Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, California 90013-1065. I am employed in the County of Los Angeles, where this service occurs. I am over the age of 18 years, and not a party to the within cause.

6
7

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANT CALLFIRE, INC. FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**

9
10
11
12
13

☒ (BY CM/ECF) I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice list.

14
15
16

☐ (BY FAX) I transmitted via facsimile, from facsimile number 213.629.7401, the document(s) to the person(s) on the attached service list at the fax number(s) set forth therein, on this date before 5:00 p.m. A statement that this transmission was reported as complete and properly issued by the sending fax machine without error is attached to this Proof of Service.

17
18

☐ (BY E-MAIL) On this date, I personally transmitted the foregoing document(s) via electronic mail to the e-mail address(es) of the person(s) on the attached service list.

19
20
21
22
23

☐ (BY MAIL) I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

24
25

☐ (BY PERSONAL SERVICE) On this date, I delivered by hand envelope(s) containing the document(s) to the persons(s) on the attached service list.

26
27
28

☐ (BY OVERNIGHT DELIVERY) On this date, I placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

1   ☒   (Federal) I declare under penalty of perjury under the laws of the
2       United States of America that the foregoing is true and correct.

3       Executed on June 25, 2015 at Los Angeles, California.

4

5                                                    Emily Hayes

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

*KAUFFMAN V. CALLFIRE, INC.*
**USDC, Southern District Of California Case No. 3:14-cv-01333-H-DHB**

3

<u>**SERVICE LIST**</u>

4

5

<u>**Attorneys for Plaintiff David Kauffman**</u>

6

Ronald A. Marron
Alexis Wood
Kas Gallucci

7

Law Offices of Ronald A. Marron
651 Arroyo Drive

8

San Diego, CA  92103
Tel:  (619) 696-9006

9

Fax:  (619) 564-6665
Email:       ron@consumersadvocates.com

10

              alexis@consumersadvocates.com
              kas@consumersadvocates.com

11

12

Daniel G. Shay, Esq.
Law Offices of Daniel Shay

13

409 Camino del Rio South
Suite 101B

14

San Diego, CA 92108
Tel:  (619) 222-7429

15

Fax:  (866) 431-3292
Email:       DanielShay@TCPAFDCPA.com

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11232484.1

- 3 -