1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS – EXHIBITS A THROUGH J**

**Page(s)**

**Exhibit A** ................................................................................................. 3-14
**Exhibit B** ................................................................................................. 15-29
**Exhibit C** ................................................................................................. 30-44
**Exhibit D** ................................................................................................. 45-64
**Exhibit E** ................................................................................................. 65-85
**Exhibit F** ................................................................................................. 86-89
**Exhibit G** ............................................................................................... 90-156
**Exhibit H** .............................................................................................. 157-159
**Exhibit I** ................................................................................................. 160
**Exhibit J** ............................................................................................... 161-177

# Exhibit A

## SETTLEMENT AND RELEASE AGREEMENT

1. **PARTIES**. The parties to this Settlement and Release Agreement ("Agreement") are Plaintiff Carrie Couser ("Plaintiff" or "Couser"), on the one hand, and Defendants Pre-Paid Legal Services, Inc. d/b/a LegalShield ("LegalShield"), CallFire, Inc. ("CallFire"), and Terry Frick ("Frick") (collectively, Defendants"), on the other hand (collectively, "the Parties").

2. **THE DISPUTES**. Certain disputes, controversies, and claims have arisen between the Parties including, without limitation, the causes of action asserted by Plaintiff against Defendants in a civil action pending in the United States District Court, Southern District of California, entitled *Carrie Couser, Individually and On Behalf of All Others Similarly Situated v. Pre-Paid Legal Services, Inc. d/b/a Legalshield*, Case No. 12-CV-2575 LAB WVG (the "Lawsuit"). It is the intent of the Parties to settle and dismiss the Lawsuit and for Plaintiff to release all her claims and potential claims against Defendants arising out of or related to the claims in the Lawsuit.

3. **NEGOTIATED SETTLEMENT WITH LEGAL REPRESENTATION**. This is a negotiated settlement of disputed claims. The Parties are represented by legal counsel as follows:

    (a)  For Plaintiff Carrie Couser:

    Abbas Kazerounian
    Matthew M. Loker
    Kazerouni Law Group, APC
    2700 N. Main Street, Ste. 1000
    Santa Ana, CA 92705
    Tel (800) 400-6808; Fax (800) 520-5523
    Email: ak@kazlg.com; ml@kazlg.com

    Joshua B. Swigart
    Hyde & Swigart
    411 Camino Del Rio South, Suite 301
    San Diego, CA 92108
    Tel (619) 233-7770; Fax (619) 297-1022
    Email: bob@westcoastlitigation.com; josh@westcoastlitigation.com

Todd M. Friedman
Nicholas J. Bontrager
Law Offices Of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Tel (877) 206-4741; Fax (866) 633-0228
Email: tfriedman@attorneysforconsumers.com;
NBontrager@attorneysforconsumers.com

(b)   For Defendant CallFire:

Michael L. Turrill
Paul A. Rigali
Arent Fox LLP
555 W. Fifth St., 48th Floor
Los Angeles, CA 90013-1065
Tel 213.629.7400; Fax 213.629.7401
Email: michael.turrill@arentfox.com; paul.rigali@arentfox.com

Michael B. Hazzard
Adam D. Bowser
Arent Fox LLP
1717 K St. NW
Washington, DC 20036
Tel 202-857-6000
Email: adam.bowser@arentfox.com; michael.hazzard@arentfox.com

(c)   For Defendant LegalShield:

Timila Rother
Thomas Snyder
Crowe & Dunlevy
20 North Broadway, Suite 1800
Oklahoma City, OK 73102
Tel 405.234.3254; Fax 405.272.5271
Email: thomas.snyder@crowedunlevy.com;
timila.rother@crowedunlevy.com

Shannon Z. Petersen
Sheppard, Mullin, Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
Tel 619-338-6500; Fax 619-234-3815
Email: spetersen@sheppardmullin.com

  (d) <u>For Defendant Terry Frick:</u>

    James A. D'Ambrosio
    Patrick D. Paschall.
    Stark & D'Ambrosio, LLP
    501 West Broadway, Suite 960
    San Diego, CA 92101
    Tel 619-338-9500; Fax 619-338-9595
    Email: jdambrosio@starkllp.com; ppaschall@starkllp.com

4. **CONSIDERATION**. In consideration of the terms, covenants, and conditions contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which the Parties acknowledge, the Parties agree and release as follows:

  4.1 **Payment by LegalShield**. LegalShield shall pay Plaintiff the sum of $2,500 by check made payable as follows: "Law Offices of Todd M. Friedman Client Trust Account." LegalShield shall mail this check to Plaintiff's counsel within thirty (30) days from the effective date of this Agreement.

  4.2 **Payment by Frick**. Frick shall pay Plaintiff the sum of $5,000 by check made payable as follows: "Law Offices of Todd M. Friedman Client Trust Account." Frick shall mail this check to Plaintiff's counsel within thirty (30) days from the effective date of this Agreement.

  4.3 **Dismissal of Lawsuit With Prejudice**. Within five (5) days of the effective date of this Agreement, the Parties shall file a Joint Motion for Dismissal of the Lawsuit with prejudice as to Plaintiff's individual claims and without prejudice as to the putative class claims.

  4.4 **Plaintiff's Release**. Except as to such rights or claims as may be created by this Agreement, Plaintiff and her agents, representatives, attorneys, heirs, assigns, and beneficiaries hereby release, remise, and discharge LegalShield, CallFire, and Frick, and all of their current and former officers, directors, employees, agents, associates, representatives, attorneys, subsidiaries, parents, affiliates, controlling shareholders, consultants, advisors, predecessors, successors, divisions, insurers, vendors, related parties, or any entity in which LegalShield, CallFire or Frick have a controlling interest (collectively, the "Released Parties") of

any and all claims, demands, causes of action, liabilities, lawsuits, damages, expenses, costs and fees, whether asserted or unasserted, known or unknown, actual or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, arising out of or related to the claims in the Lawsuit.

        4.5    **Plaintiff's Waiver of California Civil Code Section 1542**. Plaintiff specifically waives the benefit of the provisions of California Civil Code Section 1542, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff has been advised by her attorneys regarding the meaning of California Civil Code Section 1542 and of the implications of waiving its benefits. The waiver of California Civil Code Section 1542 is an essential, key, and material term of this Agreement, was expressly bargained for, and was relied upon by each and all the Parties in entering into this Agreement.

        5.    **PLAINTIFF'S COUNSEL'S REPRESENTATIONS**. Counsel for Plaintiff—on behalf of themselves and their current and former partners, associates, employees, agents, representatives, affiliates, insurers, vendors, and related parties—represent that, as of the date they have signed this Agreement, they do not intend to file any putative class action lawsuit on behalf of any client against any of the Released Parties for alleged violation of the Telephone Consumer Protection Act ("TCPA") and they are not currently actively seeking to obtain any client to bring such a claim. The Parties agree that this representation is a material condition of this Agreement.

        6.    **PARTIES' REPRESENTATIONS AND WARRANTIES**. Each of the Parties to this Agreement represents, warrants, and agrees as follows:

6.1 **Legal Advice**. The Parties have each received independent legal advice from her or its attorney(s) with respect to the advisability of making this settlement and release and executing this Agreement.

6.2 **No Reliance Upon Other Statements**. In entering into this Agreement, the Parties do not rely upon any statement, representation, or promise other than those specifically stated in writing in this Agreement.

6.3 **Investigation**. The Parties have made such investigation of the facts pertaining to the dispute between them, this settlement, and this Agreement as each Party deems necessary.

6.4 **Discovered Facts**. The Parties acknowledge that they may discover facts in addition to or different from those they now know or believe to be true with respect to the Lawsuit. Nonetheless, it is the intention of the Parties to settle this Lawsuit and for Plaintiff to release her claims, whether known or unknown. In furtherance of such intention, the release made in this Agreement shall remain in effect as full and complete notwithstanding the discovery of any additional or different facts.

6.5 **Agreement Read And Understood**. The Parties or their responsible agents have read this Agreement and understand its contents.

6.6 **No Assignment**. Plaintiff has not assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or causes-of-action disposed of by this Agreement.

7. **CONFIDENTIALITY**. Plaintiff and her attorneys shall maintain as confidential all terms of this Agreement, and shall not disclose the terms of this Agreement to any third party, except as follows: (1) as necessary to obtain the dismissal of the Lawsuit; (2) as necessary to enforce a right under this Agreement; (3) as required by a lawful court order; (4) as required by a lawful subpoena; (5) as necessary to report income to appropriate accounting professionals and/or taxing authorities; and (6) as otherwise required by law.

8.  **COOPERATION**. The Parties agree to cooperate and undertake any effort, including the execution of any additional documents, which are reasonably necessary to dismiss the Lawsuit consistent with this Agreement.

9.  **NO ADMISSION OF LIABILITY**. This Agreement affects the settlement of claims which are disputed. Nothing contained in this Agreement shall be construed as an admission of liability of any kind. In particular, Defendants deny liability in connection with any and all claims asserted against them by Plaintiff in this Lawsuit. Defendants enter into this settlement merely to avoid litigation costs and buy peace.

10. **FEES AND COSTS OF LAWSUIT**. Each Party shall bear its own attorneys' fees and costs in the Lawsuit.

11. **INTEGRATION**. This Agreement is the entire Agreement between the Parties with respect to all facts and claims relating to the Lawsuit. This Agreement supersedes all prior and all contemporaneous oral and written agreements and discussions.

12. **MODIFICATION**. This Agreement may not be modified, supplemented, amended, terminated, or superseded except by an agreement in writing signed by the Parties.

13. **CONSTRUCTION**. This Agreement is the product of the joint drafting of the Parties, with the assistance of their counsel. This Agreement shall not be presumptively construed either in favor of or against any Party on the grounds that such Party drafted the Agreement or any part of the Agreement.

14. **SEVERABILITY**. If any provision or any part of any provision of this Agreement shall for any reason be held to be invalid, unenforceable, or contrary to public policy or any law, then the remainder of this Agreement shall remain in full force and effect.

15. **EXECUTION IN COUNTERPARTS**. This Agreement may be executed in counterparts. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Agreement which shall be binding upon and effective as to all Parties. Signatures reproduced and/or transmitted by facsimile, email, photocopy, or other electronic

means shall be deemed original signatures for all purposes. Each counterpart shall be deemed an original, and all of which taken together shall constitute one and the same document.

    16.    **EFFECTIVE DATE**. This Agreement is made effective and entered into as of the date it is fully signed by all Parties and their counsel.

DATED: March 26, 2014

_____
CARRIE COUSER

DATED: March ___, 2014

PRE-PAID LEGAL SERVICES, INC. d/b/a LEGALSHIELD

By: _____
  Its: _____

DATED: March ___, 2014

CALLFIRE, INC.

By: _____
  Its: _____

DATED: March ___, 2014

_____
TERRY FRICK

SMRH:417504523.1      -7-

means shall be deemed original signatures for all purposes. Each counterpart shall be deemed an original, and all of which taken together shall constitute one and the same document.

16.  **EFFECTIVE DATE**. This Agreement is made effective and entered into as of the date it is fully signed by all Parties and their counsel.

DATED: March ____, 2014

_____
CARRIE COUSER

DATED: March ____, 2014

PRE-PAID LEGAL SERVICES, INC. d/b/a
LEGALSHIELD

By: _Kui Coleman Botts_
Its: _General Counsel_

DATED: ~~March 29~~ April, 2014

CALLFIRE, INC.

By: _[signature]_
Its: _COO_

DATED: March ____, 2014

_____
TERRY FRICK

SMRH:417504523.1                                -7-

means shall be deemed original signatures for all purposes. Each counterpart shall be deemed an original, and all of which taken together shall constitute one and the same document.

16.     **EFFECTIVE DATE**. This Agreement is made effective and entered into as of the date it is fully signed by all Parties and their counsel.

DATED: March ____, 2014            _____
                                   CARRIE COUSER


DATED: March ____, 2014            PRE-PAID LEGAL SERVICES, INC. d/b/a
                                   LEGALSHIELD

                                   By: _____
                                       Its: _____


DATED: March ____, 2014            CALLFIRE, INC.

                                   By: _____
                                       Its: _____

May 5, 2014 /tf
~~DATED: March ____, 2014~~       _____
                                   TERRY FRICK

APPROVED AS TO FORM

DATED: Apr 4, 2014      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _____ Thomas S. Sutor
    SHANNON Z. PETERSEN    Chance Quality for
    Attorneys for Defendant
    PRE-PAID LEGAL SERVICES, INC. d/b/a
    LEGALSHIELD

DATED: April 29, 2014      ARENT FOX LLP

By: _Adam Bowser_     Adam Bowser — Arent Fox
    MICHAEL L. TURRILL
    PAUL A. RIGALI
    Attorneys for Defendant
    CALLFIRE, INC.

DATED: _____, 2014      STARK & D'AMBROSIO, LLP

By: _____
    JAMES A. D'AMBROSIO
    PATRICK D. PASCHALL
    Attorneys for Defendant
    TERRY FRICK

SMRH:417504523.1

-8-

Exhibit A
- 12 -

APPROVED AS TO FORM

DATED: _____, 2014    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:_____
SHANNON Z. PETERSEN
Attorneys for Defendant
PRE-PAID LEGAL SERVICES, INC. d/b/a
LEGALSHIELD

DATED: _____, 2014    ARENT FOX LLP

By:_____
MICHAEL L. TURRILL
PAUL A. RIGALI
Attorneys for Defendant
CALLFIRE, INC.

DATED: 5-5, 2014    STARK & D'AMBROSIO, LLP

By:_____
JAMES A. D'AMBROSIO
PATRICK D. PASCHALL
Attorneys for Defendant
TERRY FRICK

SMRH:417504523.1

-8-

APPROVED AS TO FORM AND DECLARATION OF COUNSEL FOR PLAINTIFF

By signing below, counsel for Plaintiff swear, under penalty of perjury of the laws of California and of the United States, that they do not currently intend to file any lawsuit on behalf of any client against any of the Released Parties for alleged violation of the Telephone Consumer Protection Act ("TCPA") and they are not actively seeking to obtain any client to sue on such a claim.

DATED: 4/4, 2014         HYDE & SWIGART

By: _____
JOSHUA B. SWIGART
Attorneys for Plaintiff
CARRIE COUSER, Individually and On Behalf of All Others Similarly Situated

SMRH:417504523.1

-9-

Exhibit A
- 14 -